**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norma Rivas, | No. CV-05-3801-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Steward Ventures, Inc., an Arizona corporation dba Alamo Rental Car, | |
| Defendant. | |

Pending before the Court is Defendant's motion for summary judgment. Dkt. #11. Plaintiff has filed a response to the motion and Defendant has filed a reply. Dkt. ##22, 24. For the reasons set forth below, the Court will grant the motion in part and deny it in part.[1]

**I.    Background.**

Plaintiff is a Hispanic female who was employed by Defendant in a variety of vehicle maintenance positions beginning in August 2000. Plaintiff worked at Defendant's Alamo Rental Car location in Phoenix, Arizona. Plaintiff's employment ended in July 2004.

Plaintiff commenced this action by filing a complaint against Defendant on November 21, 2005. Dkt. #1. Plaintiff alleges in count one of the complaint that she was

---

[1] The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

subjected to sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2. *Id.* ¶¶ 12-14. Plaintiff alleges in count two that she was retaliated against for complaining about the alleged unlawful discrimination in violation of Title VII, 42 U.S.C. § 2000e-3. *Id.* ¶¶ 15-17.

**II.     Summary Judgment Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

**III.    Analysis.**

**A.      Count One:  Sex Discrimination.**

Plaintiff contends that her former supervisor, Nubia Duron, created a hostile work environment by frequently using sexually-explicit language in Plaintiff's presence and physically threatening and intimidating Plaintiff. Dkt. #22 at 2, 13-14. Defendant argues that the claim fails as a matter of law because the alleged harassment was not sufficiently severe or pervasive and there is no evidence that Plaintiff was harassed "because of sex." Dkt. #11 at 3-5.

Title VII provides that an employer may not "discriminate against an individual with respect to [her] compensation, terms, conditions, or privileges of employment because of [her] . . . sex[.]" 42 U.S.C. § 2000e-2(a)(1). The Supreme Court has made clear that sexual harassment constitutes unlawful discrimination under Title VII. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66 (1986); *see Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002) (en banc) (citing *Meritor*). A plaintiff may establish a sex discrimination claim under Title VII by proving that sexual harassment created a hostile work environment. *See Meritor*, 477 U.S. at 66-67; *Rene*, 305 F.3d at 1065 (citing *Harris v. Forklift Sys., Inc.*, 510

1  U.S. 17, 22 (1993)).

2  To establish a hostile work environment based on sex, a plaintiff must prove that she
3  was subjected to verbal or physical conduct, that the conduct was unwelcome, and that the
4  conduct was sufficiently severe or pervasive to alter the terms and conditions of her
5  employment and create an abusive work environment. *See Rene*, 305 F.3d at 1065 (citing
6  *Ellison v. Brady*, 924 F.2d 872, 875-76 (9th Cir. 1991)). The work environment "must be
7  both objectively and subjectively offensive, one that a reasonable [woman] would find hostile
8  or abusive, and one that the [plaintiff] in fact did perceive to be so." *Faragher v. City of*
9  *Boca Raton*, 524 U.S. 775, 787 (1998) (citing *Harris*, 510 U.S. at 21-22); *see Ellison*, 924
10 F.2d at 878-80 (adopting a "reasonable victim" standard). The plaintiff also must prove that
11 "any harassment took place 'because of sex.'" *Nichols v. Azteca Rest. Enters., Inc.*, 256 F.3d
12 864, 872 (9th Cir. 2001) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78
13 (1998)); *see* 42 U.S.C. § 2000e-2(a)(1).

14 **1. Objectively Hostile Environment.**

15 To determine whether conduct was sufficiently severe or pervasive to violate
16 Title VII, courts look at all the circumstances, "including 'the frequency of the discriminatory
17 conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive
18 utterance; and whether it unreasonably interferes with an employee's work performance.'"
19 *Faragher*, 524 U.S. at 787-88 (quoting *Harris*, 510 U.S. at 23); *see Oncale*, 523 U.S. at 81.
20 "The required level of severity or seriousness 'varies inversely with the pervasiveness or
21 frequency of the conduct.'" *Nichols*, 256 F.3d at 872 (quoting *Ellison*, 924 F.2d at 878).
22 "'Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will
23 not amount to discriminatory changes in the terms and conditions of employment.'" *Id.*
24 (quoting *Faragher*, 524 U.S. at 788).

25 The evidence in this case, construed in Plaintiff's favor, shows the following. Duron
26 made sexually explicit comments on a daily basis. These comments included graphic
27 descriptions of various sexual acts Duron performed with her husband, co-workers, and truck
28 drivers who delivered new vehicles to the job site. Specific examples include descriptions

1  of how Duron had left a co-worker's "penis red" and how "sore or red her vagina was" after
2  sex. Duron bragged that "no one got away from her" and that she was going to have sex with
3  Defendant's General Manager and Vice President, Mike Rollins. Duron also followed
4  Plaintiff around the job site calling her a "puta" (whore), and attempted to hit Plaintiff with
5  a work van. Plaintiff refused to ride in a work van driven by Duron because of Duron's
6  proclivity to make sexual comments while driving the van. Dkt. #21, Attach. 1 ¶¶ 6-8, 12,
7  16, 22.
8       In early May 2004, Plaintiff complained about the alleged harassment to Defendant's
9  managers. *Id.* ¶¶ 4, 9-11. On June 21, 2004, Plaintiff and the other members of her work
10 group attended a three-hour sexual harassment training class. Throughout the class, Duron
11 harassed Plaintiff by making jokes about her and ridiculing her in front of the entire group.
12 *Id.* ¶ 15.
13      On August 9, 2004, Rollins issued a final report that documented the results of the
14 investigation of Plaintiff's complaints. Based in part on Duron's own admissions, Rollins
15 found that Duron had engaged in behavior constituting "sexual harassment" by "allowing
16 workers under [her] supervision to engage in sexually explicit behavior and conversations
17 on the job, allowing sexual gossip about others, and allowing personal details of employees'
18 sex lives to be shared with co-workers." Rollins further found that Duron had created a
19 "hostile work environment" by "telling stories in the presence of other employees[] to cause
20 these other employees discomfort, . . . by blocking in the vehicle of other agents [thereby]
21 making their jobs more difficult, and by remaining in the back of a van operated by another
22 employee, without moving, and[] merely staring at her to make her uncomfortable." With
23 respect to Duron's behavior at the sexual harassment training class, Rollins concluded that
24 Duron had used the class as a forum to air her displeasure with Plaintiff and to make Plaintiff
25 feel uncomfortable. Rollins noted that the class instructor stated that Duron acted like a
26 "bully" by "mak[ing] jokes at the expense of others" and using her "authority and influence
27 within the group to freeze-out others[.]" Dkt. ##11-2 Ex. 5, 21 Attach. 13.
28      This evidence creates a triable issue as to whether Plaintiff's work environment was

1  sufficiently hostile to violate Title VII.  A jury reasonably could conclude that Duron's
2  explicit sex stories, her derogatory remarks toward Plaintiff, and her attempts to ridicule and
3  physically intimidate Plaintiff created an environment that a reasonable woman would find
4  hostile.  *See Nichols*, 256 F.3d at 873 ("[W]e hold that a reasonable man would have found
5  the sustained campaign of taunts, directed at Sanchez and designed to humiliate and anger
6  him, sufficiently severe and pervasive to alter the terms and conditions of his employment.");
7  *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005) ("Much of [the] alleged
8  verbal and physical conduct was of an unwelcome sexual nature and, when taken together
9  as a whole, it was sufficiently severe *and* pervasive to create an abusive work environment.")
10 (emphasis in original); *EEOC v. Nat'l Educ. Assoc.*, 422 F.3d 840, 847 (9th Cir. 2005)
11 ("Where the conduct in question was allegedly a 'daily thing,' there can be little question that
12 a reasonable juror might infer that [the] pattern of verbal and physical intimidation . . . was
13 sufficiently severe to satisfy [Title VII].").

### 2. Subjectively Hostile Environment.

15  To prove that she in fact perceived her work environment to be hostile, Plaintiff must
16 show that the alleged harassment was "unwelcome."  *Meritor*, 477 U.S. at 68; *see Nichols*,
17 256 F.3d at 873.  Plaintiff has presented evidence that she hand-delivered a written complaint
18 of harassment to Rollins and orally complained about the alleged harassment to Duron's
19 supervisor, Marcos Parra, and Defendant's Operations Manager, Jodie Frazier.  Dkt. #21,
20 Attach. 1 ¶¶ 5, 9, 22.  Plaintiff told Parra that she found Duron's sexual comments
21 "offensive" and that she was "tired and could no longer tolerate" the comments.  *Id.* ¶ 5.
22 Plaintiff also reported Duron's behavior at the sexual harassment training class to the
23 instructor, stating that "it was very difficult to remain in the class due to the treatment [she]
24 was being subjected to" by Duron.  *Id.* ¶ 15.  On July 15, 2004, Plaintiff filed a formal charge
25 of sex discrimination with the Arizona Civil Rights Division, claiming that Duron
26 "constantly made sexual comments, innuendos, [and] talked about men's private parts, etc."
27 Dkt. #21 Attach. 8.  A jury reasonably could conclude from this evidence that the alleged
28 harassment was unwelcome.  *See Nichols*, 256 F.3d at 873 ("That Sanchez complained about

1 the frequent, degrading verbal abuse supports our conclusion that the conduct was
2 unwelcome . . . . We hold that Sanchez perceived his workplace to be hostile."); *see also*
3 *Braxton-Secret v. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) (stating that a party's
4 knowledge or state of mind is a jury issue).

### 3. Because of Sex.

Defendant argues that Plaintiff's hostile work environment claim fails because she has presented no evidence that she was harassed "because of sex." Dkt. #11 at 3-4. Plaintiff does not address this argument in her response. *See* Dkt. #22.

"Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discrimination* because of sex.'" *Oncale*, 523 U.S. at 80 (emphasis in original; alterations omitted); *see* 42 U.S.C. § 2000e-2(a)(1); *Rene*, 305 F.3d at 1067; *Nichols*, 256 F.3d at 874. In same-sex harassment cases, a plaintiff may show that harassment was because of sex by presenting evidence (1) that the harasser was motivated by sexual desire, *see Oncale*, 523 U.S. at 80, (2) that the harasser was motivated by a general hostility toward women, *see id.*, (3) that the harassment was based on gender stereotyping, *see Nichols*, 256 F.3d at 875, or (4) that the harassment involved physical conduct of a sexual nature, *see Rene*, 305 F.3d at 1064.

No such evidence exists in this case. Plaintiff has presented no evidence that Duron was homosexual or had made sexual advances toward Plaintiff. Nor has Plaintiff presented evidence that Duron disliked women in general or thought that, as a woman, Plaintiff should act a certain way. The alleged harassment did not included physical conduct of a sexual nature. In short, Plaintiff has provided no evidence from which a reasonable jury could conclude that Duron harassed Plaintiff because Plaintiff is female.

The Supreme Court has made clear that workplace harassment is not "discrimination because of sex merely because the words used have sexual content or connotations." *Oncale*, 523 U.S. at 80. Rather, the plaintiff must prove that the harassment at issue "actually constituted '*discrimination* because of sex.'" *Id.* at 81 (emphasis in original; alterations omitted). In other words, Plaintiff must show that she was treated differently from other

persons, or was subjected to harassment, because of her gender.  Plaintiff has failed to create a genuine issue of material fact as to whether she was discriminated against because of her sex.  The Court accordingly will grant summary judgment in Defendant's favor on count one.[2]

### B. Count Two: Retaliation.

Title VII "prohibits retaliation against an employee 'because [she] has opposed any practice made an unlawful employment practice'" by Title VII.  *Nelson v. Pima Cmty. College*, 83 F.3d 1075, 1082 (9th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)).  A plaintiff makes a prima facie case of unlawful retaliation by producing evidence that she engaged in activity protected by Title VII, that the employer subjected her to a materially adverse action, and that there was a causal link between the protected activity and the adverse action.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2409 (2006); *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  This Circuit "has explained that . . . 'the requisite degree of proof necessary to establish a prima facie case for Title VII on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061-62 (9th Cir. 2002) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)).

Defendant argued in its motion that Plaintiff did not engage in protected activity when she complained about Duron's behavior because Plaintiff's belief that Title VII had been violated was unreasonable.  Dkt. #11 at 10-11.  Defendant claimed that "occasional sexual banter among female co-employees" simply does not violate Title VII.  *Id.* at 11.  Defendant appears to have withdrawn this argument, stating in its reply that there is "[n]o doubt" that Plaintiff's "complaints were protected under the federal employment statutes and cases."  Dkt. #24 at 10.  In any event, the alleged harassment in this case was significantly more severe and pervasive than "occasional sexual banter."  A reasonable woman in Plaintiff's

---

[2] Given this ruling, the Court need not address Defendant's argument that it has established the affirmative defense set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).  Dkt. #11 at 5-10.

- 7 -

position "would be justified in believing that Title VII would protect her from the offensive remarks she endured" on a daily basis. *Trent v. Valley Elec. Ass'n, Inc.*, 41 F.3d 524, 527 (9th Cir. 1994) (holding that the plaintiff had a "reasonable belief" that being subjected to sexually offensive remarks at a mandatory work meeting violated Title VII). Plaintiff's complaints of harassment are sufficient to establish the first element of a prima facie case of retaliation. *See id.*; *Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994) ("Moyo would be able to state a retaliation claim if he could show that his belief that an unlawful employment practice occurred was 'reasonable.'").

Defendant contends that Plaintiff cannot show any adverse employment action by Defendant because Plaintiff voluntarily abandoned her job. *Id.* at 10. Plaintiff has testified that Parra specifically told her that she was "fired" when she returned to work from a medical leave of absence. Dkt. #21, Attach. 1 ¶ 18. Plaintiff also has presented evidence that she received written warning notices and was placed on long term probation for refusing to ride in a vehicle driven by Duron. *Id.* ¶ 16, Ex. 2. This evidence is sufficient to make a prima facie showing of a materially adverse action. *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 965 (9th Cir. 2004) ("'An action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity.'") (quoting *Ray*, 217 F.3d at 1243); *White*, 126 S. Ct. at 2409 (same).

Defendant further contends that there is no causal link between Plaintiff's complaints of harassment and her alleged termination. Defendant notes that Plaintiff first complained about harassment in June 2002, nearly two years before her employment ended. Dkt. #11 at 13. This complaint, however, involved a separate incident of alleged harassment by one of Plaintiff's co-workers. Dkt. #11-2 Exs. 2-3. Plaintiff first complained about Duron's alleged harassment on May 12, 2004. *Id.* Ex. 5. Plaintiff was disciplined on June 15, 2004. Dkt. #21, Attach. 1 ¶ 16 & Ex. 2. Plaintiff's alleged termination occurred on July 13, 2004. *Id.* ¶ 18. The temporal proximity between the complaint about Duron's behavior and the discipline and alleged termination is sufficient circumstantial evidence to make a prima facie showing of causation. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (holding

that sufficient evidence of causation existed where the adverse employment action occurred less than three months after the protected activity); *Miller v. Fairchild Indus., Inc*, 797 F.2d 727, 731-32 (9th Cir1986) (holding that there was adequate evidence of a causal link where the retaliatory action occurred less than two months after the protected activity).

Plaintiff has presented sufficient evidence "to withstand a summary judgment motion on grounds of failure to establish a prima facie case." *Miller*, 797 F.2d at 732.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #11) is **granted in part** and **denied in part** as set forth in this order.
2. Plaintiff's motion to strike Defendant's reply and statement of controverting facts (Dkt. #26) is **denied**.
3. The Court will set a final pretrial conference by separate order.

DATED this 13th day of February, 2007.

David G. Campbell
United States District Judge